UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>v.<br><br>JONATHAN NAGEL,<br><br>    Defendant | Case No.: 2:22-cr-00195-APG-NJK<br><br>**Order Denying Motion for Deferred Judgment**<br><br>[ECF No. 60] |

Defendant Jonathan Nagel, purportedly pro se,[1] filed a "Motion for Deferred Judgment Remand to Treatment Center." ECF No. 60. The motion asks "for a Deferred Judgment and remand . . . into a long-term, lockdown facility" to treat his mental health issues and drug abuse." *Id.* at 1. The motion is defective for both procedural and substantive reasons, so I deny it.

First, it is unclear whether Nagel wrote and filed the motion himself. The motion is not signed, it repeatedly refers to the author as "we" instead of "I," it refers to Nagel in the third person, and it refers to Nagel's counsel as "he" even though his lawyer is a female. *See e.g.*, ECF No. 60 at 11, 14. Federal Rule of Criminal Procedure 49(b)(4) requires a motion to be signed by the person filing it. Local Rule IC 5-1(b) likewise provides that, for electronically filed papers, "[t]he signatory must be the attorney or pro se party who electronically files the document." In addition, "a party who has appeared by attorney cannot while so represented appear or act in the case. This means that once an attorney makes an appearance on behalf of a party, that party may not personally file a document with the court; all filings must thereafter be made by the attorney." Local Rule IA11-6. Nagel is represented by counsel, so he cannot file papers pro se. Therefore, and because the motion is not signed by Nagel (either by hand or electronic signature)

---

[1] As explained below, it is unclear whether Nagel actually wrote and filed the motion.

and it appears he did not write or file it, I can deny it for these procedural defects. Nevertheless, out of an abundance of caution, I will consider the motion on its merits.

Nagel asks for a "deferred judgment." But judgment has already been entered, so there is nothing to defer.

I sentenced Nagel to a total of 216 months in prison based upon a binding plea agreement. ECF Nos. 53, 59. Nagel admitted committing a string of armed robberies over a 10-month period. ECF No. 53 at 8-11. He does not now deny committing the crimes, but he claims in his motion that he "acted under seriously reduced mental capacity, also known as diminished capacity . . . which rendered [him] unable to achieve the mental state required to commit the crime[s] in question . . . due to a mental illness or impairment." ECF No. 60 at 6. He points to the facts that his "fiancé had broken up with him, he had lost his job due to Covid and he had turned to drug use and alcohol." *Id.* Nagel offers no expert diagnosis or testimony (indeed, any evidence) of such a condition that lasted during his 10-month crime spree. And he waived those defenses in his binding plea agreement. ECF No. 53 at 18.

Nagel primarily argues he should be released from prison and committed to an inpatient substance abuse and mental health treatment facility. But once a sentence has been imposed, I cannot modify it absent some narrow exceptions. 18 U.S.C. § 3582(c). Nagel cites to the First Step Act as a basis for his release from custody. ECF No. 60 at 1-3. To qualify for release under that act, Nagel first must show that he has exhausted his administrative remedies by asking the warden of his facility for a modification to his sentence. 18 U.S.C. § 3582(c)(1)(A). Nagel's motion makes no such showing, so I cannot grant relief under that act.

But even if Nagel has exhausted his administrative remedies, he does not present "extraordinary and compelling reasons" for his release, as also required under the statute. 18

U.S.C. § 3582(c)(1)(A)(i).  Mental health issues and drug addiction are unfortunately not uncommon in the criminal justice system or in society in general.  The Sentencing Commission has not deemed such conditions as extraordinary or compelling. U.S.S.G. § 1B1.13(b)(1)(B).  And Nagel does not explain why the Bureau of Prisons cannot treat his alleged conditions.

Finally, Nagel alleges his counsel was ineffective because she (referred to as "he" in the motion) recommended Nagel take a plea bargain for 18 years to avoid a mandatory minimum of 42 years in prison, "effectively deprived [Nagel] of establishing an important mitigating circumstance," did not file any pre-trial motions, and did not "try to discredit anything that the [Government] brought before the court." ECF No. 60 at 11.

Claims of ineffective assistance of counsel are analyzed under the standard set in *Strickland v. Washington*, 466 U.S. 668 (1984).  Under *Strickland*, Nagel must demonstrate that his counsel's performance was constitutionally deficient, and that the deficient performance prejudiced him. 466 U.S. at 687.  To establish deficient performance, Nagel must show that his counsel's performance "fell below an objective standard of reasonableness." *Id*. at 688.  For prejudice, he must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  Because he challenges counsel's performance in relation to guilty pleas, Nagel can show prejudice by demonstrating a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Nagel fails to allege a valid claim of ineffective assistance of counsel.  Notably, he does not identify the mitigating circumstance that should have been raised, what evidence could have been discredited, or what pretrial motions should have been filed.  To the extent Nagel is

referring to his drug abuse and alleged incapacity described above, he offers no evidence to support such allegations or to show how motion practice would have been successful. In his plea agreement, he confirmed in writing that he discussed with his attorney all possible pretrial motions and defenses that could be offered, and that he was "satisfied with the representation of [his] attorney." ECF No. 53 at 22-23. His complaint about counsel's strategic decisions to advise him to plead guilty and to not file pretrial motions cannot support a claim of ineffective assistance of counsel. *See Strickland*, 466 U.S. at 690-91; *Mickey v. Ayers*, 606 F.3d 1223, 1237–39 (9th Cir. 2010). And based upon Nagel's admissions to the police and in his binding plea agreement, his counsel effectively saved him from a mandatory minimum of 42 years in custody. Nagel has not shown that his guilty plea was involuntary due to ineffective assistance of counsel.

In sum, Nagel has not alleged a valid claim of ineffective assistance of counsel. Nor do his allegations about his counsel constitute "extraordinary and compelling reasons" for his release under 18 U.S.C. § 3582(c)(1)(A)(i).

I THEREFORE ORDER that Nagel's motion **(ECF No. 60) is denied**.

DATED this 1st day of December, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE